**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JAMES HENRY BARR, | Civil Action No. 2: 17-CV-00718 |
| Petitioner, | United States Magistrate Judge |
| | Cynthia Reed Eddy |
| v. | |
| THE ATTORNEY GENERAL OF PENNSYLVANIA, et al., | |
| Respondents. | |

**MEMORANDUM OPINION**[1]

Presently before the Court is a petition for a writ of habeas corpus filed by state prisoner James Henry Barr ("Petitioner"), in which he is challenging the judgment of sentence imposed on him by the Court of Common Pleas of Allegheny County, Pennsylvania, on July 31, 2012. Respondents have filed a motion to dismiss the petition as untimely (ECF No. 9).

For the reasons set forth below, Respondents' motion will be granted, the petition for writ of habeas corpus will be dismissed as untimely, and a certificate of appealability will be denied.

**I.    Facts and Procedural History**

Petitioner, James Henry Barr, was charged with Rape, Aggravated Assault, Aggravated Indecent Assault, Sexual Assault, Unlawful Restraint / Serious Bodily Injury, and Terroristic Threats. On July 31, 2012, Petitioner entered into a negotiated plea. He pled guilty to Rape and the remainder of the charges were withdrawn. That same day, Petitioner was sentenced to 9 to 18 years imprisonment. Petitioner did not file any post trial motions, petitions, or appeals.

---

1.    In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a U.S. Magistrate Judge conduct proceedings in this case, including entry of a final judgment. jurisdiction by a United States Magistrate Judge.  *See* ECF Nos. 15and 17.

1

Therefore, his state conviction became final on August 31, 2012. Under AEDPA, he had one year, or until August 31, 2013, to file a timely habeas petition.

On June 1, 2017, the Court received for filing from Petitioner his habeas petition, but because it was not accompanied by either the filing fee or a motion for leave to proceed *in forma pauperis* the case was administratively closed. On July 13, 2017, Petitioner filed a motion for leave to proceed *in forma pauperis* and his Petition was filed the next day. (ECF No. 6). In his petition, Petitioner acknowledges that his petition is untimely. He contends though that the statute of limitations does not bar his petition because he is mentally ill, he does not know about the law, his lawyer said he could appeal, and he was very sick at the time of his plea. (ECF No. 6, at ¶ 18).

Respondents have filed the instant motion to dismiss, in which they argue that the petition should be dismissed as untimely. (ECF No. 9). Petitioner filed the following "response" to the motion (ECF No. 13):

> From: James Barr    Date 9-20-17
>
> Dear: United States Magistrate Judge Cynthia Reed Eddy
>
> I am trying very hard to make you understand whate I am saying in my letters. I am saying I took a deal in 2012 but I was taking meds I took the deal, 9 to 18 for rape. I didn't rape the woman now about motion to dismiss somebody has to look at my records to see if 9 to 18 years fits the guidlines or if my case has evidence to rove I guilty of the crime I keep saying were is the DNA. its my word against hers. Please do not dimiss my writ of Habeas Corpus bcause I am saying I did not rape this woman. She had sex with me. I did not rape her.
>
> I don't think Respondent's did comply with all the Rules governing Section 2254 Federal (2254 Rules) plus Respondent did not consider the application of Martinez v. Ryan, 2012 WL 912950 (U.S. March 20, 2012) so I am asking United

> States Magistrate Judge Cynthia Reed Eddy not to bar my writ of habeas corpus. I am responding to the motion to bar before 9/27/17.
>
> Thank you.
> James Barr

Response (ECF No. 13) (quoted verbatim).

## II. Discussion

### A. Motion to Dismiss as a Response to a Petition for a Writ of Habeas Corpus

Initially, it appears that Petitioner is asserting that a motion to dismiss is a procedurally improper response to a habeas corpus petition. This argument is incorrect. The Rules Governing Section 2254 Cases in the United States District Courts ("the 2254 Rules") were amended in 2004 to expressly permit district courts to follow the "common practice" of filing a pre-answer motion to dismiss a habeas corpus petition. Rule 4 of the 2254 Rules states the following:

> If the petition is not dismissed, the judge must order the respondent to file an answer, motion, **or other response** within a fixed time, or to take other action the judge may order. In every case, the clerk must serve a copy of the petition and any order on the respondent and on the attorney general or other appropriate officer of the state involved.

(emphasis added). The 2004 Advisory Committee Notes to Rule 4 state:

> The amended rule reflects that the response to a habeas petition may be a motion.
>
> ***
>
> **Changes Made After Publication and Comments**. The Rule was modified slightly to reflect the view of some commentators that it is common practice in some districts for the government to file a pre-answer motion to dismiss. The Committee agreed with that recommendation and changed the word "pleading" in the rule to "response." It also made several minor changes to the Committee Note.

Furthermore, Rule 2254(E)(1)(a) of the Local Rules for the United States District Court for the Western District of Pennsylvania explicitly permits a respondent to "file a motion to dismiss if

3

the respondent believes that there is a clear procedural bar to the action, such as . . . [the] statute of limitations." Thus, a pre-answer motion to dismiss is an appropriate response to a habeas corpus petition under both Rule 4 of the 2254 Rules and Local Rule 2254(E)(1)(a). Having found that Respondents' motion to dismiss is the proper vehicle by which to attack the timeliness of the petition, the Court will proceed to address the parties' remaining arguments.

B.      Timeliness

AEDPA imposes a one-year limitations period for a state prisoner to file a federal habeas petition. Generally, the limitations period begins to run on the date the judgment of sentence becomes final. 28 U.S.C. § 2244(d)(1)(A). A judgment becomes final at the conclusion of direct review or upon the expiration of time for seeking such review. *Id.; see Gonzales v. Thaler*, 565 U.S. 134 (2012). One of the following alternative start dates, however, may apply:

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(B)-(D). Furthermore, the AEDPA limitations period is subject to both statutory and equitable tolling. *Jones v. Morton*, 195 F.3d 153, 158 (3d Cir. 1999).

Petitioner did not file any post-trial motions, petitions, or appeals. Therefore, his judgment became final on August 31, 2012, 30 days after Petitioner was sentenced. (*See* PA Rules of Appellate Procedure 903, which states that "the notice of appeal required by Rule 902 (manner of taking appeal) shall be filed within 30 days after the entry of the order from which the appeal is taken.") Petitioner needed to file his federal habeas petition within one year of that

date, or August 31, 2013. Since Petitioner did not file the instant petition until almost four years beyond that date, the petition is facially untimely and must be dismissed unless Petitioner can show that the limitations period should be tolled, either statutorily or equitably, or that an alternate start date should apply.

   C.     **Statutory Tolling**

Section 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). Because Petitioner did not file a request for post-conviction or other collateral review, the filing of his federal habeas petition is not subject to any statutory tolling.

   D.     **Equitable Tolling**

Although AEDPA's statute of limitations is subject to equitable tolling, the Third Circuit Court of Appeals has held that "courts should be sparing in their use of the doctrine" and limit its application only to the "rare situation where [it] is demanded by sound legal principles as well as the interests of justice." *LaCava v. Kyler*, 398 F.3d 271, 275 (3d Cir. 2005) (internal citations omitted). Equitable tolling is thus only appropriate when "'the principles of equity would make the rigid application of a limitation period unfair,' such as when a state prisoner faces extraordinary circumstances that prevent him from filing a timely habeas petition and the prisoner has exercised reasonable diligence in attempting to investigate and bring his claims." *Id.* at 276 (quoting *Miller v. New Jersey State Dep't of Corr.,* 145 F.3d 616, 618 (3d Cir. 1998)). "Due diligence does not require 'the maximum feasible diligence;'" but "it does require reasonable diligence in the circumstances." *Schlueter v. Varner,* 384 F.3d 69, 74 (3d Cir. 2004) (internal citations omitted). "This obligation does not pertain solely to the filing of the federal

5

habeas petition, rather it is an obligation that exists during the period appellant is exhausting state court remedies as well." *LaCava,* 398 F.3d at 277. "The fact that a petitioner is proceeding *pro se* does not insulate him from the 'reasonable diligence' inquiry and his lack of legal knowledge or legal training does not alone justify equitable tolling." *Ross v. Varano,* 712 F.3d 784, 799-800 (3d Cir. 2013) (citing *Brown v. Shannon*, 322 F.3d 768, 774 (3d Cir. 2003); *Doe v. Menefee,* 391 F.3d 147, 177 (2d Cir. 2004)).

Petitioner has failed to meet the standards to entitle him to equitable tolling. First, he fails to demonstrate extraordinary circumstances to justify equitable tolling. He generally asserts that he is or was mentally ill, but he does not elaborate. He does not expound on his alleged mental condition or its effect on his actions other than to state "I was taking meds."[2] Significantly, he does not demonstrate that he was in fact mentally ill during the approximately four-year period that he waited to file his federal habeas petition. Moreover, mental incompetence is not a *per se* reason to toll a statute of limitations. *Nara v. Frank*, 264 F.3d 310, 320 (3d Cir. 2001). Instead, the alleged mental incompetence must somehow have affected the petitioner's ability to file a timely habeas petition. *Id*. The petitioner must demonstrate a nexus between the petitioner's mental condition and his inability to file a timely petition. Here, Petitioner fails to establish a nexus between his alleged mental illness and his failure to file a timely petition. Thus, Petitioner has failed to establish that extraordinary circumstances exist to justify equitable tolling.

Further, even assuming Petitioner has established extraordinary circumstances, he still must demonstrate reasonable diligence. *LaCava,* 398 F.3d at 277. In the instant case, Petitioner

---

[2] In his first claim for relief, Petitioner alleges "Ground One: Mental Health. My public did not bring up my mental health. He just told me to plead guilty take the deal, he said." Petition at ¶ 12 (quoted verbatim).

6

fails to demonstrate that he pursued his rights in any fashion, let alone diligently. He makes no effort to explain why it took him almost four years from his conviction to file this federal habeas petition. Accordingly, there is no basis for the Court to apply equitable tolling to the statute of limitations in this case. *See Holland v. Florida*, 560 U.S. 631, 649 (2010) (Equitable tolling of a habeas petition is available only when the petitioner demonstrates "(1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstance stood in his way and prevented timely filing." (internal quotation marks omitted).[3]

Finally, to the extent that Petitioner appears to believe he can obtain review of his claims under *Martinez v. Ryan,* 566 U.S. 1 (2012), he is mistaken. In *Martinez,* the Supreme Court held that, in limited circumstances, "[i]neffective assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default [of claims] of ineffective assistance at trial." *Id.* at 9. *Martinez* does not serve to toll the statute of limitations. *See Lambrix v. Sec'y, Florida Dep't of Corr.,* 756 F.3d 1246, 1249 (11th Cir. 2014) ("[T]he equitable rule in *Martinez* 'applies only to the issue of cause to excuse procedural default of an ineffective assistance of trial counsel claim that occurred in a state collateral proceeding' and 'has no application in the operation or tolling of the § 2244(d) statute of limitations'." (citations omitted). In short, *Martinez* provides no basis for determining whether a habeas petition is timely.

---

3. Because Petitioner has failed to show that he exercised reasonable diligence in pursuing his rights, the Court finds no basis to hold an evidentiary hearing on this issue. See LaCava v. Kyler, 398 F.3d 271, 277 (3d Cir. 2005) (citing Robinson v. Johnson, 313 F.3d 128, 143 (3d Cir. 2002)) (explaining that a "hearing on availability of equitable tolling [is] not warranted where petitioner failed to show that he exercised reasonable diligence in attempting to file a timely petition").

7

**III.    Certificate of Appealability**

AEDPA codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. 28 U.S.C. § 2253 provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). Applying that standard here, jurists of reason would not find it debatable whether Petitioner's claims should be denied as untimely. Accordingly, a certificate of appealability will be denied.

**IV.    Conclusion**

For the reasons set forth above, the petition for writ of habeas corpus is time-barred and no tolling applies to remedy the untimeliness.  A certificate of appealability will be denied, and Respondents' motion will be granted.  A separate Order follows.


DATED:  November 20, 2017

                                                             BY THE COURT:

                                                             s/ Cynthia Reed Eddy
                                                             Cynthia Reed Eddy
                                                             United States Magistrate Judge

cc: JAMES HENRY BARR
KR-5222
SCI Greene
175 Progress Drive
Waynesburg, PA 15370
(via First Class U.S. Mail)

Rusheen R. Pettit
Office of the District Attorney
(via ECF electronic notification)